Sarah S. Gold
Margaret A. Dale
Q. Jennifer Yang
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
Tel: 212.969.3000
Fax: 212.969.2900
Email: sgold@proskauer.com
Email: mdale@proskauer.com
Email: jyang@proskauer.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ELIZABETH BILINSKI, GEORGE LATHOURAS, LISA CUBISINO, JACQUELINE PETRUZZELLI, ANTHONY PETRUZZELLI, ARTHUR CANARIO, GERALDINE BIEHL, JESUS RAMOS, and LUCAS SCHOORMANS, <br><br> Plaintiffs, <br><br> -against- <br><br> THE KEITH HARING FOUNDATION, INC., THE KEITH HARING STUDIO LLC, THE ESTATE OF KEITH HARING, JULIA GRUEN, KRISTEN HARING, GILBERT VAZQUEZ, ALLEN HARING, TOM ECCLES, DAVID STARK, and JUDITH COX, <br><br> Defendants. | 1:14-cv-01085-DLC <br><br><br> **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11, 28 U.S.C. §1927, AND THE COURT'S INHERENT POWERS** |

| | |
|---|---|
| TAMI STURM, MAXINE KOBLEY, STEPHEN KOBLEY, DIANNE DUNCAN, RANDY NICHOLS, INEZ STRYSICK, BEVERLY COSTELLO, BRENDAN COSTELLO, KHRISTOS KARASTATHIS, EVA KARASTATHIS, and GERI BERMAN,<br><br>                  Plaintiffs,<br><br>-against-<br><br>THE KEITH HARING FOUNDATION, INC., THE KEITH HARING STUDIO LLC, THE ESTATE OF KEITH HARING, JULIA GRUEN, KRISTEN HARING, GILBERT VAZQUEZ, ALLEN HARING, TOM ECCLES, DAVID STARK, and JUDITH COX,<br><br>                  Defendants. | **1:14-cv-01582-DLC** |

# TABLE OF CONTENTS

|    |    | Page |
|---|---|---|
| PRELIMINARY STATEMENT | | 1 |
| STATEMENT OF FACTS | | 3 |
| ARGUMENT | | 7 |
| I. | THE LEGAL STANDARD APPLICABLE TO A RULE 11 MOTION | 7 |
| | A. THE SECOND CONSOLIDATED AMENDED COMPLAINT INCLUDES THE SAME FRIVOLOUS CLAIMS RAISED IN THE ORIGINAL COMPLAINTS AND THE FIRST CONSOLIDATED AMENDED COMPLAINT DESPITE DEFENDANTS' REPEATED NOTICE TO PLAINTIFFS | 8 |
| | B. PLAINTIFFS RE-ALLEGE THE SAME MERITLESS CLAIMS IN THE CONSOLIDATED AMENDED COMPLAINT AND SECOND CONSOLIDATED AMENDED COMPLAINT FOR AN IMPROPER PURPOSE | 10 |
| II. | PLAINTIFFS' BAD FAITH CONDUCT ALSO WARRANTS SANCTIONS PURSUANT TO 28 U.S.C. §1927 | 11 |
| CONCLUSION | | 12 |

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Abdelhamid v. Altria Group, Inc.*,
　515 F. Supp. 2d 384 (S.D.N.Y. 2007)......................................................................................8

*Binghamton Masonic Temple v. Bares*,
　168 F.R.D. 121 (N.D.N.Y. 1996)............................................................................................10

*Carousel Foods of Am. v. Abrams Co.*,
　423 F. Supp. 2d 119 (S.D.N.Y. 2006)......................................................................................9

*Cooter & Gell v. Hartmarx Corp.*,
　496 U.S. 384 (1990)..................................................................................................................7

*Cross & Cross Props., Ltd. v. Everett Allied Co.*,
　886 F.2d 497 (2d Cir. 1989)....................................................................................................8

*Gelfman Int'l Enters. v. Miami Sun Int'l Corp.*,
　2009 U.S. Dist. LEXIS 82403 (E.D.N.Y. Sept. 9, 2009).........................................................7

*Gollomp v. Spitzer*,
　2007 U.S. Dist. LEXIS 8524 (N.D.N.Y. Feb. 5, 2007),
　*aff'd*, 568 F.3d 355 (2d Cir. 2009) ....................................................................................11, 12

*LaVigna v. WABC Television*,
　159 F.R.D. 432 (S.D.N.Y. 1995) .......................................................................................8, 10

*Lazzarino v. Kenton Assocs. Ltd.*,
　998 F. Supp. 364 (S.D.N.Y. 1998).......................................................................................8, 9

*MRM Sec. Sys. v. Citibank N.A.*,
　1997 U.S. Dist. LEXIS 5360 (S.D.N.Y. Apr. 15, 1997).........................................................9

*Newby v. Bank of Am. Corp.*,
　2013 U.S. Dist. LEXIS 33276 (E.D.N.Y. Mar. 8, 2013) ........................................................9

*Sturm, et al. v. The Keith Haring Foundation, et al.*,
　1:14-cv-01582-DLC (S.D.N.Y. Mar. 7, 2014) .......................................................................5

*Timbol v. Commercial Bank of Kuwait*,
　2000 U.S. Dist. LEXIS 2927 (S.D.N.Y. Mar. 15, 2000) ........................................................9

**STATUTES**

28 U.S.C. § 1927 ............................................................................................................1, 11, 12

Lanham Act .........................................................................................................................12

§ 720-a of New York's Not-for-Profit Corporation Law .....................................................5

**OTHER AUTHORITIES**

Fed. R. Civ. P. 11 ........................................................................................................ passim

Fed. R. Civ. P. 11(b) .............................................................................................................7

Defendants the Keith Haring Foundation, Inc. (the "Foundation"), the Keith Haring Studio LLC (the "Studio"), the Estate of Keith Haring (the "Estate"), Julia Gruen, Kristen Haring, Gilbert Vazquez, Allen Haring, Tom Eccles, David Stark, and Judith Cox (collectively, the "Individual Defendants," and with the Estate, the Studio and the Foundation, collectively the "Defendants") move pursuant to Fed. R. Civ. P. 11, 28 U.S.C. §1927, and the Court's inherent powers to sanction Plaintiffs Elizabeth Bilinski, George Lathouras, Lisa Cubisino, Jacqueline Petruzelli, Arthur Canario, Geraldine Biehl, Jesus Ramos, Lucas Schoormans, Tami Sturm, Maxine Kobley, Stephen Kobley, Dianne Duncan, Randy Nichols, Inez Strysick, Beverly Costello, Brendan Costello, Khristos Karastathis, Eva Karastathis, and Geri Berman (collectively, "Plaintiffs"), and their counsel, and for any other and further relief as the Court deems just, proper and equitable.

**PRELIMINARY STATEMENT**

Despite having twice pled a near-identical set of seven causes of action, which Defendants twice moved to dismiss while setting forth in extensive detail the multiple grounds on which these claims fail as a matter of law, in their Second Consolidated Amended Complaint Plaintiffs chose to assert yet again these same seven frivolous causes of action.[1] Plaintiffs' first two complaints, filed in February and March of 2014, arose entirely out of a 2013 federal lawsuit brought by the Foundation against the organizers of an exhibition entitled "Haring Miami" which was touted as one of the largest exhibitions ever mounted of Keith Haring's art. The Miami lawsuit was initiated when the Foundation learned that almost every one of the works exhibited

---

[1] The seven causes of action asserted in Plaintiffs' original Complaints and subsequently reasserted in both the Consolidated Amended Complaint and the Second Consolidated Amended Complaint are 1) defamation, 2) civil conspiracy to commit defamation, 3) tortious interference with prospective business relations, 4) false advertising under the Lanham Act, 5) trade libel/injurious falsehood, 6) intentional infliction of economic harm, and 7) unjust enrichment.

1

at "Haring Miami" were fake, including some works previously found inauthentic by the Foundation when submitted by plaintiff Bilinski in 2007. The Foundation sued the organizer of the exhibition and its principal for copyright and trademark infringement, seeking among other things a temporary restraining order and an injunction on the basis that works in the exhibition claimed to be by the hand of Keith Haring were "fakes," "forgeries," and "counterfeits." On that same day, the Foundation issued a press release announcing the lawsuit and the accompanying emergency motion, which motion had been resolved on consent that same day. Astonishingly, Plaintiffs here, who were not even parties to the Miami lawsuit (and only one of whom is even mentioned in the pleadings), sued claiming they were defamed by the pleadings and press release which actually had nothing whatsoever to do with them. Nonetheless, Plaintiffs seek to hold Defendants liable for "defamation" and six other torts all allegedly arising out of the Miami litigation. As Defendants have repeatedly pointed out to Plaintiffs and their counsel, the claims are utterly frivolous, suffering from numerous deficiencies including the well-known immunity which attaches to such statements.

Despite having been notified both at the outset of the litigation and again through Defendants' motions to dismiss of the numerous reasons the seven causes of action pleaded in Plaintiffs' original Complaints were frivolous and unsustainable as a matter of law, Plaintiffs and their counsel made no efforts to remedy those fatal defects in their Consolidated Amended Complaint or their Second Consolidated Amended Complaint, or to withdraw the legally meritless claims. Instead, both Plaintiffs' Consolidated Amended Complaint and their most recently filed Second Consolidated Amended Complaint inexplicably reassert all seven meritless causes of action that were in the original Complaints, and tack on two obviously time-barred and otherwise meritless antitrust-related claims, which could have been included in the original

Complaints given that the most recent conduct cited as part of the alleged antitrust conspiracy occurred almost a year before the filing.  The Second Consolidated Amended Complaint therefore constitutes the third time that Plaintiffs have filed claims that are not only unwarranted, but are impossible to sustain under existing law.  Having been placed on notice of these incurable legal flaws, Plaintiffs' repeated failure to withdraw these seven causes of action can only be characterized as an improper attempt to harass Defendants, and needlessly increase the cost of this frivolous litigation.  Plaintiffs' Second Consolidated Amended Complaint in particular highlights the egregiousness of this bad faith pleading, in changing a mere handful of words and sentences from the Consolidated Amended Complaint.[2]  None of these immaterial changes even begin to cure the fatal legal defects pointed out in Defendants' motions to dismiss.  Therefore, Plaintiffs' objective in undertaking the charade of filing such a superficially altered amended pleading can only have been to force Defendants to expend additional time and money on yet another motion to dismiss, and to delay decision on Defendants' motion.  Sanctions therefore are not only appropriate, but necessary, to address the repeated frivolous filings of Plaintiffs and their counsel and to deter them from continuing to waste the time and resources of both Defendants and this Court with further frivolous filings that assert baseless claims and positions.

**STATEMENT OF FACTS**

On February 21, 2014, Plaintiffs Elizabeth Bilinski, George Lathouras, Lisa Cubisino, Jacqueline Petruzzeli, Anthony Petruzzelli, Arthur Canario, Geraldine Biehl, Jesus Ramos, and Lucas Schoormans filed their initial Complaint against the Defendants (the "Bilinski

---

[2] A blacklined Second Consolidated Amended Complaint, demonstrating the immaterial changes from the Consolidated Amended Complaint, is attached as Ex. 1 for the Court's convenience.  Exhibits referenced herein are attached to the accompanying declaration of Margaret A. Dale, dated November 10, 2014 ("Dale Decl.").

Complaint"), alleging causes of action for defamation, civil conspiracy to commit defamation, tortious interference with prospective business relations, false advertising under the Lanham Act, trade libel/injurious falsehood, intentional infliction of economic harm, and unjust enrichment. Thereafter, on March 7, 2014, Plaintiffs Tami Sturm, Maxine Kobley, Stephen Kobley, Dianne Duncan, Randy Nichols, Inez Strysick, Beverly Costello, Brendan Costello, Khristos Karastathis, Eva Karastathis, and Geri Berman filed an almost identical Complaint against the Defendants (entirely identical, save for the names of the Plaintiffs) (the "Sturm Complaint"), with entirely identical allegations and causes of action as those in the Bilinski Complaint. Oddly, many, but not all, of the alleged artworks at issue in the Bilinski and Sturm Complaints were the same, and with respect to the overlapping works, the Sturm Complaint alleges that the second group of Plaintiffs are also owners of that same art. For a fuller recitation of the facts and claims raised in Plaintiffs' complaints, we respectfully refer the Court to the Statement of Facts in Defendants' Memorandum of Law in Support of their Motion to Dismiss Plaintiffs' Second Consolidated Amended Complaint ("Motion to Dismiss"). Dkt. 52 at 6-10.[3]

As early as March 4, 2014, before the filing of the Sturm Complaint, counsel for Defendants contacted Plaintiffs' counsel to seek voluntary dismissal of the Individual Defendants from the lawsuit, since the Bilinski Complaint, which already had been filed, was "devoid of any factual allegations concerning the individuals with the exception of Julia Gruen and David Stark and, as to those individuals, the complaint fails to state a cause of action against either of them." Ex. 3. In this same communication, counsel for Defendants indicated that if Plaintiffs did not dismiss the Individual Defendants from the suit, Defendants would "pursue our remedies, including but not limited to Rule 11 sanctions," and set forth Defendants' belief that

---

[3] Defendants adopt the defined terms from the Motion to Dismiss for purposes of the instant motion.

the Complaint was "subject to dismissal against all of the named defendants on all of the causes of action pleaded." *Id.* Despite receiving this communication, Plaintiffs proceeded to file the virtually identical Sturm Complaint only days later, on March 7, 2014.

The same day the Sturm Complaint was filed, Plaintiffs' counsel responded to Defendants' counsel's March 4 email, setting forth a "group pleading" theory to attempt to justify the Complaint's lack of factual allegations against almost all the Individual Defendants. Ex. 3. Defendants' counsel responded in a letter on March 17, explaining the inapplicability of Plaintiffs' cited cases to the conclusory allegations asserted against the Individual Defendants, and setting forth case law refuting Plaintiffs' "group pleading" theory as applied to Plaintiffs' Complaints. Ex. 4. In this same letter, Defendants' counsel also noted that uncompensated Individual Defendants were each "shielded from any liability" by qualified immunity under §720-a of New York's Not-for-Profit Corporation Law. Ex. 4. Finally, Defendants requested that Plaintiffs dismiss the Estate from both lawsuits in light of the fact that Plaintiffs had no basis to bring suit against the Estate which, as set forth in the letter, has been closed for many years and has no assets. *Id.* Disregarding these clearly laid out fatal flaws in their pleadings, Plaintiffs did not withdraw any of their claims, including as to the Individual Defendants and the Estate.

On May 9, 2014, Defendants filed motions to dismiss both the Bilinski and the Sturm Complaints. *See* Dkt 22; *Sturm* Dkt 24[4]. These motion papers set forth numerous independent grounds why each of Plaintiffs' asserted causes of action failed as a matter of law, including many of those previously raised in communications between the parties as discussed above.

Less than two weeks after the filing of the motions to dismiss, Plaintiffs' counsel contacted Defendants' counsel to explain that Plaintiffs intended to amend and consolidate their

---

[4] "*Sturm* Dkt" refers to the docket in *Sturm, et al. v. The Keith Haring Foundation, et al.*, 1:14-cv-01582-DLC (S.D.N.Y. Mar. 7, 2014).

5

Complaints. Dale Decl. ¶5. However, when the Consolidated Amended Complaint was filed on June 23, 2014, it asserted all the same causes of action that were in the original Complaints, while adding virtually no factual allegations to address the concerns raised in the motions to dismiss.[5] Dkt 27. In general, other than to make additional vague, conclusory (and oftentimes contradictory) allegations not grounded in any facts, the Consolidated Amended Complaint failed to make any amendments to cure the dispositive legal defects in the original Complaints that were unambiguously laid out in Defendants' motions to dismiss.

During a scheduling conference before the Court on July 11, counsel for Defendants again noted several of the independent grounds for dismissal that Defendants had raised in their motions to dismiss the original complaints, and the fact that, despite these grounds for dismissal, Plaintiffs did not withdraw any of their claims in filing the Consolidated Amended Complaint. On July 25, Defendants filed a Motion to Dismiss the Consolidated Amended Complaint which, in addition to reiterating once more the multiple grounds for dismissal of the first seven causes of action asserted in the original complaints, also set forth in great detail the fatal legal defects in Plaintiffs' two new antitrust causes of action. A week later, on August 1, Plaintiffs filed a letter stating their intent to amend the operative pleading yet again. Dkt 45. The Second Consolidated Amended Complaint, filed on August 12, is virtually identical to the Consolidated Amended Complaint, and restates the exact same causes of action. Dkt 27, 47. Once again, the *de minimis* changes did nothing to cure the vague, conclusory and contradictory allegations of the prior complaints, and fell far short of addressing the numerous grounds for dismissal set forth in

---

[5] While the Consolidated Amended Complaint added a number of new factual allegations, these were primarily, if not exclusively, either entirely superfluous and unrelated to any alleged cause of action, or related solely to the two new antitrust causes of action alleged in the Consolidated Amended Complaint. None of these new factual allegations remedied the defects in the other seven causes of action lifted and repeated from the original Complaints. The Consolidated Amended Complaint also added an additional defendant, the Keith Haring Studio LLC.

Defendants' motions to dismiss. On August 29, Defendants filed a Motion to Dismiss the Second Consolidated Amended Complaint, setting forth for the third time the fatal defects in Plaintiffs' pleadings. Dkt 52. We served Plaintiffs' counsel with a form of this Rule 11 motion on August 29, 2014. Dale Decl. ¶6.

## ARGUMENT

### I. THE LEGAL STANDARD APPLICABLE TO A RULE 11 MOTION

Fed. R. Civ. P. 11(b) states that an attorney who presents "a pleading, written motion, or other paper" to the court thereby "certifies" to the best of his knowledge, information, and belief formed after a reasonable inquiry that: (1) the filing is not presented for any improper purpose, "such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; (2) "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"; and (3) "the factual contentions have evidentiary support" or "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery". Fed. R. Civ. P. 11(b). The purpose of Rule 11 "is to deter baseless filings in District Court and . . . streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). *See also* Fed. R. Civ. P. 11, Advisory Comm. Notes, 1983 Amendment (purpose of Rule 11 is to "check abuses in the signing of pleadings").

The "non-frivolous clause" of Rule 11 imposes an affirmative obligation on the signer "to conduct a reasonable inquiry into the viability of a pleading before it is signed." *Gelfman Int'l Enters. v. Miami Sun Int'l Corp.*, 2009 U.S. Dist. LEXIS 82403, at *12-13 (E.D.N.Y. Sept. 9, 2009) (quoting *Eastway Constr. Corp. v. New York,* 762 F.2d 243, 253 (2d Cir. 1985)). "The standard for triggering the award of fees under Rule 11 is objective unreasonableness, and is not based on the subjective beliefs of the person making the statement." *Id*. Therefore, "an

7

attorney's subjective good faith in his or her patently meritless claim does not transform a frivolous motion into a nonfrivolous one." *LaVigna v. WABC Television*, 159 F.R.D. 432, 434 (S.D.N.Y. 1995). Applying this standard of objective unreasonableness, the Second Circuit has held that "sanctions are warranted where it is clear that: (1) a reasonable inquiry into the basis for a pleading has not been made; (2) under existing precedents there is no chance of success; and (3) no reasonable argument has been advanced to extend, modify or reverse the law as it stands." *Cross & Cross Props., Ltd. v. Everett Allied Co.*, 886 F.2d 497, 504 (2d Cir. 1989) (citations omitted). Rule 11 allows for sanctions for a single frivolous claim, even where the rest of the pleading may be sound. *See generally Cross & Cross Props.,* 886 F.2d at 504-505 (holding that district court erred in "weighing only the merits of the pleading *as a whole*, and overlooking the question of the objective reasonableness of the individual counterclaim").[6]

The Court has authority to impose sanctions on Plaintiffs and their counsel on a similar basis pursuant to the Court's inherent powers, and many of the same considerations that are taken into account in assessing sanctions under Rule 11 also inform a court's decision in the exercise of its inherent power. *See Lazzarino v. Kenton Assocs. Ltd.*, 998 F. Supp. 364 (S.D.N.Y. 1998).

### A. THE SECOND CONSOLIDATED AMENDED COMPLAINT INCLUDES THE SAME FRIVOLOUS CLAIMS RAISED IN THE ORIGINAL COMPLAINTS AND THE FIRST CONSOLIDATED AMENDED COMPLAINT DESPITE DEFENDANTS' REPEATED NOTICE TO PLAINTIFFS

As explained in detail in Defendants' motions to dismiss the original Complaints and the Consolidated Amended Complaint, each of the first seven causes of action raised in those

---

[6] In addition to monetary sanctions and attorneys' fees, dismissal is also an appropriate sanction under Rule 11, which is what Defendants' pending motion to dismiss seeks anyway. *See, e.g.*, *Abdelhamid v. Altria Group, Inc.*, 515 F. Supp. 2d 384, 400 (S.D.N.Y. 2007).

pleadings is untenable as a matter of law. Despite having been provided with copious legal precedent demonstrating the lack of legal viability, Plaintiffs inexplicably have re-alleged these exact same claims in their Second Consolidated Amended Complaint on the basis of the same set of facts, without any effort to cure any of the fatal legal defects or to withdraw the frivolous claims. *See Timbol v. Commercial Bank of Kuwait*, 2000 U.S. Dist. LEXIS 2927, at *20 (S.D.N.Y. Mar. 15, 2000) (granting leave to amend, cautioning plaintiff "against making perfunctory, insubstantial or cosmetic changes" which could subject plaintiff to Rule 11 sanctions); *Lazzarino v. Kenton Assocs. Ltd.*, 998 F. Supp. 364 (S.D.N.Y. 1998) (imposing sanctions under the Court's inherent power where allegations in plaintiff's second amended complaint "were almost identical to those in the first amended complaint" and failed to cure the defects in first amended complaint); *MRM Sec. Sys. v. Citibank N.A.*, 1997 U.S. Dist. LEXIS 5360, at *16 (S.D.N.Y. Apr. 15, 1997) (granting leave to amend, cautioning plaintiff "from making only superficial changes in its original complaint which could subject plaintiff to Rule 11 sanctions or other sanctions"). Not only did Plaintiffs fail to conduct a "reasonable inquiry" into the basis of the seven claims, they expressly ignored the plain evidence before them that there was no legal basis to assert these claims. *See Carousel Foods of Am. v. Abrams Co.*, 423 F. Supp. 2d 119, 124 (S.D.N.Y. 2006) (imposing sanctions where plaintiff's claims were unfounded in law and the amended complaint "did not change even one of the scurrilous allegations" in the original complaint that had initially prompted service of a Rule 11 motion); *Newby v. Bank of Am. Corp.*, 2013 U.S. Dist. LEXIS 33276, at *33-34 (E.D.N.Y. Mar. 8, 2013) (granting motion to dismiss and cautioning plaintiffs "against filing an amended complaint that fails to address the deficiencies identified" in the court's order "as doing so may warrant the imposition of [Rule 11] sanctions").

As demonstrated in the filed motions to dismiss (Dkt 22, 44, 52; *Sturm* Dkt 24), the first seven claims, now asserted for the third time, are entirely frivolous and "a competent attorney could not form a reasonable belief" that they are warranted by any existing law. *Lavigna*, 159 F.R.D. at 435 (asserting certain claims in complaint constituted Rule 11 violation where minimal inquiries into the law "would have revealed that plaintiff had no cause of action"). To the contrary, well-established legal principles, not subject to reversal or modification, mandate the dismissal of those seven causes of action.[7] *See* Dkt 52 at 11-25, 49-50.[8] *See also* Dkt. 56 at 1-13, 25.[9]

### B. PLAINTIFFS RE-ALLEGE THE SAME MERITLESS CLAIMS IN THE CONSOLIDATED AMENDED COMPLAINT AND SECOND CONSOLIDATED AMENDED COMPLAINT FOR AN IMPROPER PURPOSE

Defendants' correspondence and motions to dismiss placed Plaintiffs and their counsel on actual notice of the fundamental legal failings in the first seven causes of action. The only plausible explanation for the Plaintiffs' and their counsel's failure to even attempt to remedy these defects is an improper purpose, and an attempt to harass and force Defendants to incur additional costs in continuing to defend these objectively frivolous claims. *See Binghamton Masonic Temple v. Bares*, 168 F.R.D. 121, 128 (N.D.N.Y. 1996) ("an improper purpose may be inferred from the Plaintiffs' complete lack of a factual and legal basis for bringing a claim").

---

[7] Plaintiffs have not provided any non-frivolous arguments in their opposition brief for modifying or reversing these well-established legal precedents that could give their pleadings the legitimacy of law, and Defendants can conceive of no such arguments. *See* Dkt. 55, 56.

[8] Each of the grounds for dismissal of the first seven causes of action raised in the Motion to Dismiss the Second Consolidated Amended Complaint was initially raised in the motions to dismiss the original Complaints and again raised in the Motion to Dismiss the Consolidated Amended Complaint. Dkt. 22, 44; *Sturm* Dkt 24.

[9] Although Defendants are not moving for sanctions on the basis of Plaintiffs' twice-pled antitrust claims, these claims are equally baseless and subject to dismissal for the reasons cited in Defendants' pending Motion to Dismiss. Dkt. 52 at 25-49.

Plaintiffs' improper purpose in repeatedly re-asserting these baseless claims is made clear through the Second Consolidated Amended Complaint's alteration and addition of a minimal number of immaterial words and sentences, none of which properly addressed the multiple grounds for dismissal raised in Defendants' motions to dismiss. *See* Ex. 1. Yet by filing this superficially amended pleading, Plaintiffs successfully achieved their vexatious goal of forcing Defendants to expend additional time and expense to prepare yet another motion to dismiss to continue to defend against these claims.

## II. PLAINTIFFS' BAD FAITH CONDUCT ALSO WARRANTS SANCTIONS PURSUANT TO 28 U.S.C. §1927

Pursuant to 28 U.S.C. §1927, courts may sanction attorneys who "multipl[y] the proceedings in any case unreasonably and vexatiously" by requiring the offending attorney to "satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. §1927. An "award under §1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose" and the court finds the actions were in bad faith. *Gollomp v. Spitzer*, 2007 U.S. Dist. LEXIS 8524, at *25 (N.D.N.Y. Feb. 5, 2007), *aff'd*, 568 F.3d 355 (2d Cir. 2009) (citations and quotations omitted). In addition, "§1927 imposes a continuing obligation to connect or withdraw claims, defenses, and litigation positions after it becomes obvious that they are without merit. Thus, once it is obvious that an asserted position has no factual or legal basis, the continued assertion of that position exposes counsel to §1927 sanctions." *Id.* at *25-26 (citing *United States v. Int'l Bhd. Of Teamsters*, 948 F.2d 1338, 1344-45 (2d Cir. 1991).

Plaintiffs' counsel was given the opportunity to withdraw Plaintiffs' frivolous claims on multiple occasions, both before and after Defendants filed their motions to dismiss the original

11

Complaints and the Consolidated Amended Complaint. Yet counsel not only failed to abide by his obligation to do so after Defendants brought to his attention the complete lack of merit of these claims in both letter communications and in the motions to dismiss, he instead reasserted these same claims first in Plaintiffs' Consolidated Amended Complaint and then again in Plaintiffs' Second Consolidated Amended Complaint. Such bad faith conduct compels the imposition of sanctions under 28 U.S.C. §1927. *Gollomp*, 2007 U.S. Dist. LEXIS 8524, at *26-29 (imposing §1927 sanctions where plaintiffs "filed an Amended Complaint repeating many of the same frivolous theories and claims" after defendant brought to their attention the frivolous nature of their allegations, where plaintiffs' arguments "lacked merit in light of the well-established case law" on the issue, and where plaintiff's counsel had "ample opportunity in this case to withdraw the legally deficient and, thus, meritless claims" but failed to do so). In addition, Plaintiffs' counsel's decision to file a Second Consolidated Amended Complaint with no material changes from the prior pleading can only be characterized as vexatious and intended to multiply the proceedings in bad faith for the sole purpose of harassment and to force Defendants to incur additional labor and expense in defending against Plaintiffs' frivolous claims.

**CONCLUSION**

For all of the foregoing reasons, the Court should grant the Defendants' motion and impose sanctions on Plaintiffs and their counsel pursuant to Fed. R. Civ. P. 11, 28 U.S.C. §1927, and the Court's inherent powers, and 1) award Defendants fees and costs incurred in addressing Plaintiffs' frivolous claims, 2) dismiss the causes of action for defamation, civil conspiracy to commit defamation, tortious interference with prospective business relations, false advertising under the Lanham Act, trade libel/injurious falsehood, intentional infliction of economic harm,

and unjust enrichment, and 3) grant such other and further relief as the Court deems just and appropriate.

Dated:  November 10, 2014

Respectfully submitted,

PROSKAUER ROSE LLP

By: /s/ Sarah S. Gold
 Sarah S. Gold
 Margaret A. Dale
 Q. Jennifer Yang
 PROSKAUER ROSE LLP
 Eleven Times Square
 New York, New York 10036
 Tel:  212.969.3000
 Fax:  212.969.2900
 Email:  sgold@proskauer.com
 Email:  mdale@proskauer.com
 Email:  jyang@proskauer.com
 *Attorneys for Defendants*