```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                          :
ELIZABETH BILINSKI, et al.,               :
                                          :    14cv1085 (DLC)
                    Plaintiffs,           :    (Consolidated)
          -v-                             :
                                          :
THE KEITH HARING FOUNDATION, INC., et     :
al.,                                      :    ORDER
                    Defendants.           :
                                          :
----------------------------------------- X
```

DENISE COTE, District Judge:

On March 6, 2014, the amended consolidated complaint was dismissed following a motion filed by the defendants. The March 6 Opinion addressed the third motion to dismiss in this action, the plaintiffs having been given an opportunity to amend in response to two prior motions. On November 10, 2014, defendants moved for sanctions on the basis of the tort claims and Lanham Act claim pled in all three complaints. Plaintiffs responded on December 5. The motion for sanctions was fully submitted on December 12.

Defendants request sanctions under Rule 11, Fed. R. Civ. P., and 28 U.S.C. § 1927. When Rule 11 sanctions are initiated by motion, the challenged papers are judged by a standard of objective unreasonableness. <u>ATSI Comm., Inc. v. Shaar Fund, Ltd.</u>, 579 F.3d 143, 150 (2d Cir. 2009). In other words, Rule 11 is violated if a pleading is submitted for "any improper purpose, or where, after reasonable inquiry, a competent

attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." Kropelnicki v. Siegel, 290 F.3d 118, 131 (2d Cir. 2002) (citation omitted).

Section 1927 only applies to attorneys or those authorized to practice before the courts. Salovaara v. Eckert, 222 F.3d 19, 35 n.13 (2d Cir. 2000). A court may sanction counsel pursuant to Section 1927 "only when there is a finding of conduct constituting or akin to bad faith." State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 180 (2d Cir. 2004) (citation omitted). The standard for sanctioning counsel pursuant to Section 1927 is: a finding of "clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith -- that is, motivated by improper purposes such as harassment or delay." Eisemann v. Greene, 204 F.3d 393, 396 (2d Cir. 2000) (citation omitted).

The defendants have failed to demonstrate that the plaintiffs' claims were so objectively unreasonable that sanctions are warranted under either Rule 11, Fed. R. Civ. P., or Section 1927. The plaintiffs' claims, though subject to dismissal, were not so meritless that no competent attorney

could form a reasonable belief that the pleading was warranted by existing law. The only basis for finding an improper motive or bad faith is the fact that the plaintiffs pled these claims three times, and did not sufficiently amend the complaint to survive dismissal or withdraw the claims. This is not sufficient to show bad faith or an improper motive. Accordingly, it is hereby

ORDERED that the defendants' November 10 motion for sanctions is denied.

Dated:   New York, New York
         March 6, 2015

                              _____
                              DENISE COTE
                              United States District Judge